MATTER OF PACHECO

In Visa Petition Proceedings

HHW-N-634

*Decided by Regional Commissioner November 12, 1965*

Petition by the owner and operator of a restaurant and night club in Hawaii who desires the services of beneficiaries, professional Japanese female wrestlers, as a night club entertainment act, is granted to accord them nonimmigrant status as temporary workers under section 101(a)(15)(H)(ii), Immigration and Nationality Act, since domestic persons qualified and willing to accept the employment offer are not available to petitioner where the Hawaii Employment Service treats beneficiaries as sporting participants and finds it infeasible to attempt to determine availability, a representative of the relating union considers the beneficiaries to be an extraordinary novelty act, and a professional wrestling association, although stating there are sufficient female wrestlers available in the United States, considers the beneficiaries to be entertainers.

Discussion: This case is before the Regional Commissioner on certification from the decision of the District Director who denied the petition on the grounds that the petitioner has failed to establish that unemployed persons capable of providing professional female wrestling entertainment cannot be found in the United States.

The petitioner is owner and operator of a restaurant and night club doing business as the Oasis Cafe and Night Club. He desires the services of the beneficiaries as a night club entertainment act.

The beneficiaries, all natives and citizens of Japan, presently reside in Japan and are engaged as professional wrestlers appearing both in sports arenas and night clubs.

8 CFR 214.2(h)(2)(ii) states "A United States Employment Service clearance order concerning the nonavilability of qualified persons in the United States and stating its policies have been observed shall be attached to every submitted nonimmigrant visa petition to accord an alien a classification under section 101(a)(15)(H)(ii) of the Act unless the petitioner has been informed by the Immigration and Naturalization Service that a clearance order for the beneficiary's occupation is not required."

Interim Decision #1535

The Hawaii State Employment Service, an affiliate of the United States Employment Service, has declined to issue a clearance order in this case. In arriving at this decision, it stated as follows:

We have considered your recent verbal request for four female Japanese wrestlers to perform as a 'novelty act' on the premises of Oasis Cafe and Night Club. Although wrestlers in this situation could possibly be classified as entertainers, subject to the usual labor clearance, we prefer to treat these positions as openings for sporting participants. This is based on the fact that candidates sought must be members of a professional wrestling organiza- tion. However, since persons in this category do not customarily register with the local public employment office, and we know of no recognized wrestling agency within the state, it is felt that this is an occupation, 'the nature of which makes it unfeasible for the Employment Service to attempt to determine availability'. (Employment Security Manual—Part II, Section 1861).

The National Wrestling Alliance in their letter of June 21, 1965 indicated professional girl wrestlers are available in the United States. In their letter of June 25, 1965 they state they have found the petitioner is not a legitimate wrestling promoter and that the beneficiaries were merely to be entertainers at the petitioner's night club.

In reply to an inquiry by this Service, a representative of the American Guild of Variety Artists replied as follows:

Please be advised that this office has no objection to the petition submitted by Bill Pacheco to bring in the following from Japan to work in the Oasis as a wrestling act.
> Chiyoko Ozata
> Sumiko Yamamoto
> Sadayo Ino,
> Teruko Sato
We deem this as an extraordinary novelty act and will insist that they be- come members of A.G.V.A.

We are now faced with the following series of events:

I. A petition to classify the beneficiaries as persons of distinguished merit and ability as professional wrestlers was denied on the grounds the "Tokyo Pro Wrestling Association was unknown as a wrestling association and therefore their statement did not satisfactorily es- tablish the ability and experience of the beneficiaries as wrestlers".
II. The Hawaii State Employment Service finds the beneficiaries are wrestlers rather than entertainers and bases this decision on the fact the beneficiaries must be members of a professional wrestling organization.
III. The American Guild of Variety Artists considers the beneficiaries to be an "extraordinary novelty act" and will insist they become mem- bers of that organization.
IV. The National Wrestling Alliance, although stating there are sufficient female wrestlers available in the United States, considers the bene- ficiaries "merely to be entertainers".

428

V. The petitioner has testified female professional wrestlers are not available to him as he is not a member of a wrestli giassociation.

Petitioner has been placed in a precarious position by the divergent opinions of the various organizations involved. His petition for status of the beneficiaries as aliens of distinguished merit and ability was denied because of lack of recognition of the organization to which they belong, yet, the Hawaii State Employment Service bases its decision to classify the position the beneficiaries are to fill as one requiring sporting participants rather than entertainers upon the fact that they must be members of a professional wrestling organization. The National Wrestling Alliance states female professional wrestlers are available yet, refuses to supply them to the petitioner on the grounds that he is not a legitimate wrestling promoter,

The Hawaii State Employment Service has found the position in question is one in which it is unfeasible to attempt to determine availability of persons in the United States. Despite allegations concerning the availability of professional women wrestlers in the United States, the fact remains the petitioner is not engaged in wrestling promotion and desires the services of the beneficiaries as an entertainment act in a night club. The beneficiaries will not enter into competition with other athletes and will confine their activities to the petitioner's night club.

After careful consideration of all the evidence in this case, it is concluded that the petitioner has established need for the beneficiaries' services and that domestic persons qualified and willing to accept the employment offer are not available to the petitioner. Accordingly, the District Director's order will be vacated, and the petition approved.

**ORDER:** It is ordered that the District Director's order denying the petition on the grounds stated be vacated.

*It is further ordered* that the petition for the status of the beneficiaries under section 101(a)(15)(H)(ii) be and the same is hereby approved.